**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ETHAN THORLA** | **CIVIL ACTION** |
| **v.** | **NO: 26-0234** |
| **EAN HOLDINGS, LLC, ET AL.** | **SECTION: C (5)** |

**ORDER AND REASONS**

The Motion to Remand (R. Doc. 8) filed by plaintiff, Ethan Thorla, on February 12, 2026 is before the court. The motion is **DENIED**.

## I. BACKGROUND

The issue presented is whether defendants, EAN Holdings, LLC and Justin Cody Fivecoat[1] timely removed the subject case from Louisiana state court on January 30, 2026. The case was originally filed in state court on January 31, 2025. The suit alleges personal injuries arising from an accident on February 21, 2024.[2]

Resolution of the issue is found in the following events:

1. September 18, 2024: Defendants received a demand for policy limits detailing Thorla's injuries and treatments, along with medical records.[3]

2. February 10, 2025: Thorla served the state court petition on defendants.[4]

3. April 15, 2025: Defendants answered the petition.[5]

---

[1] R. Doc. 1. On April 17, 2026, following a request by Thorla, the claims against EAN Holdings, LLC were dismissed, without prejudice (R. Doc. 15). Fivecoat is the sole remaining defendant.
[2] R. Doc. 1-3.
[3] R. Doc. 8-2 at 3.
[4] *Id.* at 4.
[5] *Id.*

4. June 17, 2025: Thorla responded to the following discovery requests:[6]

**INTERROGATORY NO. 11:**

In accordance with LA. C.C.P. Art. 893, please state the following:
A) Whether the total damages being sought, per plaintiff, is above the $50,000 threshold for a trial by jury
B) Whether the total damages being sought, per plaintiff, exceeds $75,000.00.
C) The specific amount of general and special damages being sought per plaintiff including an itemized list of all medical expenses. Give an itemized list of all special damages and expenses incurred and losses sustained by you as a result of the accident described in your Petition. **NOTE:** Please provide a comprehensive itemization and simply do not refer to documents or records.

**ANSWER TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory as impermissibly multipart and unduly burdensome and seeking an impermissible narrative. Plaintiff reasonably anticipates the totality of his damages may exceed $75,000.00. Plaintiff has received over $23,900.00 in medical charges to date.[7]

5. January 15, 2026: Defense counsel emailed plaintiff counsel requesting a stipulation that damages are less than $75,000.[8]

6. January 16, 2026: Plaintiff counsel notified defense counsel that a stipulation is not appropriate, that the policy limits demand was sent, and that Thorla recently sought treatment with a neurosurgeon.[9]

Thorla argues the defendants were aware the amount in controversy exceeded $75,000 as early as September 18, 2024, and at least by June 17, 2025. Accepting

[6] *Id.*
[7] R. Doc. 8-5 at 4.
[8] R. Doc. 11 at 3.
[9] *Id.* at 3–4.

that argument, defendants were at least seven months late removing the case.[10] In contrast, defendants contend the amount in controversy was not "unequivocally clear and certain" until January 16, 2026, thus removal on January 30, 2026 was timely.[11]

## II. LEGAL STANDARD

Diversity jurisdiction depends upon the simultaneous existence of complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A defendant seeking to remove a case to federal court must file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant…." 28 U.S.C. § 1446(b)(1). If a case is not initially removable, a notice of removal may be filed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). A case asserting diversity jurisdiction cannot be removed more than one year after commencement of the action, unless plaintiff acted in bad faith to prevent removal. *Id.* § 1446(c)(1); *see Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 293 (5th Cir. 2019). The removing party has the burden of showing federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential*

[10] R. Doc. 8-2 at 4–6.
[11] R. Doc. 11 at 16.

*Property & Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Any doubt regarding removal must be resolved in favor of remand. *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III. ANALYSIS

Here, the requirements of complete diversity and the amount in controversy are conceded. The only dispute is when the delay for removal was triggered. That dispute centers around the content of the "initial pleading", or, alternatively, what constitutes an "other paper".

Thorla first argues the policy limits demand sent to Travelers on September 18, 2024 triggered the delay. The inference is the case was removable when it was initially filed in Louisiana state court. That argument is without merit.

Louisiana law prevented Thorla from pleading a specific amount of monetary damages in his petition. See Louisiana Code of Civil Procedure art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). Nervertheless, the Fifth Circuit has held that a petition must contain "a specific allegation that damages exceed the federal jurisdictional amount." *Mumfrey*, 719 F.3d at 399 (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992)). The court reasoned that "[s]uch a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws that prohibit

pleading unliquidated damage amounts."). *Id.* No such allegation is in Thorla's state court petition. Thus, under 28 U.S.C. § 1446(b)(1), the case was not initially removable.

Thorla next argues the policy limits demand letter constitutes "other paper" under 28 U.S.C. § 1446(b)(3), thus triggering removal. That argument is likewise meritless. The letter, which included medical information regarding Thorla's injuries and treatments, was provided to defendants before suit was filed. Pre-suit papers do not constitute "other paper" under the statute. *See Robertson v. Safepoint Insurance Co.*, No. 24-cv-1172, 2025 WL 610642, at *3 (E.D. La. Feb. 26, 2025) ("[A] pre-suit demand letter cannot count as 'other paper' because [defendant] received it before receiving [plaintiff's] original petition.) (citing *Chapman*, 969 F.2d at 164).

Thorla then argues the June 17, 2025 discovery requests and response constitute "other paper" under § 1446(b)(3). The court rejects that argument. To start the delay for filing notice of removal, the information supporting removal in the other paper "must be *unequivocally clear and certain*…." *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added). "Courts following *Bosky* have found that other papers describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but which do not show unequivocally that the requirement is met, are insufficient to trigger the removal

clock." *Hampton v. Family Dollar, Inc.*, No. 25-cv-2355, 2026 WL 380619, at *4 (E.D. La. Feb. 11, 2026) (citing *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011)) (other citation and internal quotation marks omitted). "A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30–day removability period … however, the discovery response must be 'unequivocally clear and certain', so that defendant may ascertain the action's removability." *Cole*, 416 F. App'x at 40 (citing *Bosky*, 288 F.3d at 211) (other citations omitted).

The June 17, 2025 discovery responses did not provide unequivocal clarity and certainty that plaintiff's damages exceed $75,000. The responses to Interrogatories 2 through 4 address Thorla's injuries, his medical providers and his treatment status, but do not provide the certainty necessary to establish damages exceeding $75,000. In response to Interrogatory 11, Thorla states he "reasonably anticipates the totality of his damages may exceed $75,000.00. Plaintiff has received over $23,900.00 in medical charges to date." The phrases "reasonably anticipates" and "may exceed" do not convey certainty, and fail the *Bosky* test. $23,900 in medical expenses does not make it unequivocally clear that damages will exceed $75,000. The 30-day removal delay was not triggered on June 17, 2025.

On January 16, 2026, plaintiff counsel informed defense counsel Thorla could not stipulate that damages are below $75,000, and that he had seen a neurosurgeon and was a candidate for surgery. A refusal to stipulate to damages below $75,000, coupled with other relevant factors, can satisfy the "unequivocally clear and certain" standard to meet the amount in controversy requirement. *See Carter v. Strategic Restaurant Acquisition Co. LLC*, No. 16-cv-2673, 2016 WL 2825848, at *5 n. 47 (E.D. La. May 13, 2026) ("A refusal to stipulate to the amount of damages is a factor in determining the amount in controversy.") (citation omitted). While discovery responses suggested the amount in controversy *could* exceed $75,000, not until defendants received the January 16, 2026 email from plaintiff counsel did it become *certain* the amount in controversy exceeded $75,000. Removal on January 30, 2026 was timely under 28 U.S.C. § 1446 (b)(3). The motion is denied.

## IV. CONCLUSION

Plaintiff's Motion to Remand (R. Doc. 8) is **DENIED**.

New Orleans, Louisiana this 9th day of September 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE